UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:11-cr-00474 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 53, 60, 63] |
| vs. | : | |
| GEORGE D. DELONG, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant George D. Delong requests a reduced sentence under the compassionate release statutes, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Delong's motion for compassionate release.

I. Background

In December 2011, Delong pleaded guilty to one court of sexual exploitation of children, one count of receipt of visual depiction of minor engaged in sexually explicit conduct, and one court of travel with intent to engage in illicit sexual conduct.[3] In February 2011, this Court sentenced Delong to 180 months' imprisonment and life-time supervised release.[4] Delong is scheduled for release in July 2024.[5]

---

[1] Docs. 53, 60, 63.
[2] Doc. 68.
[3] Doc. 16.
[4] Doc. 22.
[5] Doc. 63.

Case No. 4:11-cr-00474
GWIN, J.

## II. Discussion

On May 2, 2020, Delong moved for compassionate release. On July 21, 2020, this Court denied Delong's motion without prejudice because Delong failed to exhaust his administrative remedies.

On October 13, 2020, Delong again moved for compassionate release. Delong requests a sentence reduction due to certain risk factors—age, weight, and smoking history—that increase his risk of serious illness if he contracts COVID-19.[6] On December 23, 2020, Delong tested positive for COVID-19.[7] He has recovered.

The Government opposes.[8] The Government argues that Delong's reinfection risk is limited and that Delong remains a danger to the community.[9]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[10]

Delong states that he asked the Fort Dix FCI Warden for a sentence reduction on September 15, 2020.[11] Because Delong waited less than thirty days before filing this motion, Delong failed to satisfy the statutory exhaustion requirement.

---

[6] Docs. 53, 70.
[7] Doc. 68-1.
[8] Doc. 68.
[9] *Id*.
[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[11] Doc. 53 at 2; Doc. 68 at 2.

Case No. 4:11-cr-00474
GWIN, J.

### B. Eligibility

Even if Delong had satisfied the exhaustion requirement, the Court would still deny Delong's compassionate release motion.

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[12] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[13]

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[14] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[15]

As the Government persuasively argues, Delong remains a danger to the community.[16] Delong committed serious offenses and the recidivism rate among sex offenders is high.[17]

### III. Conclusion

Because Delong has failed to satisfy the statutory exhaustion requirement, the Court **DENIES** Delong's compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In

---

[12] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

[13] *Id.* (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[14] *See Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[15] *Jones*, 980 F.3d at 1111.
[16] Doc. 68 at 8–11.
[17] *Id.* at 11.

- 3 -

Case No. 4:11-cr-00474
GWIN, J.

addition, even if Delong had satisfied the exhaustion requirement, the Court would deny the motion.

IT IS SO ORDERED.

Dated: March 10, 2021           *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE