UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 4:11-cr-00474 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Docs. 131 & 133] |
| vs. : | |
| GEORGE D. DELONG, JR., : | |
| Defendant. : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant George D. Delong, Jr. moves to transfer venue[1] and for the Court to recuse itself from issues related to Defendant's motions for compassionate release.[2] The Court DENIES both motions.

In 2011, Defendant pleaded guilty to crimes related to the sexual exploitation of children.[3] This Court sentenced Defendant to 180 months' imprisonment and life-time supervised release.[4]

Subsequently, Defendant has filed five motions to reduce his prison term, all of which this Court has denied.[5] Defendant has appealed all but one of the Court's orders.[6] These appeals are now before the U.S. Court of Appeals for the Sixth Circuit.

While Defendant's appeals are pending, this Court lacks jurisdiction over

---

[1] Doc. 131.
[2] Doc. 133.
[3] Docs. 53, 60, 63.
[4] Doc. 22.
[5] Docs. 83, 97, 105, 114, 130.
[6] Docs. 89, 109, 115, 132.

Case No. 4:11-cr-00474
Gwin, J.

Defendant's two recently filed motions. It is well established that "[s]ubject to certain narrow exceptions . . . the filing of a notice of appeal divests a district court of jurisdiction."[7] The general rule applies here as the Court declines to find that retaining jurisdiction would be "in aid"[8] of Defendant's appeals.[9]

Even if the Court did retain jurisdiction in spite of Defendant's appeals, the Court would be required to reject both motions. First, Defendant's motion to transfer venue both fails on the merits and is untimely.[10]

Second, there are no present grounds for recusal. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge can be disqualified on the basis of prejudice or bias only if this prejudice or bias is personal or extrajudicial.[11] The Court's denial of Defendant's successive and similar motions does not constitute a personal or extrajudicial bias. The Court also notes that, upon considering briefing from the Defendant and the Government, it rejected Defendant's petition for a reduced sentence in the context of the COVID-19 pandemic in its March 10, 2021 opinion and order.[12]

Accordingly, the Court DENIES Delong's motions to transfer venue and for recusal.

---

[7] *United States v. Benchick*, No. 17-2336, 2018 WL 5880072, at *1 (6th Cir. July 24, 2018) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)).

[8] *Cochran*, 651 F.2d at 1221 (citations omitted).

[9] *See United States v. Jemison*, No. 1:06 CR 403, 2008 WL 4657073, at *1 (N.D. Ohio Oct. 21, 2008).

[10] *See United States v. Freeling*, 31 F.R.D. 540 (S.D. N.Y. 1962) (denying motion for change of venue 18 months after a plea had been entered and 7 months after prior motions had been denied).

[11] *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).

[12] Doc. 83.

Case No. 4:11-cr-00474
Gwin, J.

IT IS SO ORDERED.

Dated: September 21, 2021          *s/      James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE