UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:11-cr-00474 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Docs. 136; 138; 139; 145] |
| GEORGE D. DELONG, JR., | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant George DeLong, Jr. has filed multiple motions with this Court.

Defendant requests this Court correct the transcripts of his change of plea and sentencing hearings.[1]  Defendant also filed a motion for this Court to consider in the event the Sixth Circuit Court of Appeals granted his appeals and remanded to this Court for further proceedings.[2]  Finally, Defendant—for a fourth time—seeks a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[3]  Defendant argues this Court should grant relief because of DeLong's health issues and the COVID-19 risk.

For the following reasons, the Court **DENIES** Defendant DeLong's motion to correct a clerical error and Defendant's motion to supplement his motion to correct a clerical error. The Court **DENIES** as moot Defendant's motion of consideration upon remand of his Sixth Circuit appeals.  The Court **GRANTS** Defendant's motion to construe previously filed documents as a renewed expedited motion for compassionate release and **DENIES** compassionate release.

---

[1] Docs. 136; 138.
[2] Doc. 139.
[3] Doc. 145.

Case No. 4:11-cr-00474
GWIN, J.

I. Background

In December 2011, DeLong pleaded guilty to one count of sexual exploitation of children, one count of receipt of visual depiction of a minor engaged in sexually explicit conduct, and one count of travel with intent to engage in illicit sexual conduct.[4]  In February 2011, this Court sentenced DeLong to 180 months' imprisonment and life-time supervised release.[5]  DeLong is scheduled for release in July 2024.[6]

In May 2020, DeLong moved for compassionate release.[7]  On July 21, 2020, this Court denied DeLong's motion without prejudice because DeLong failed to exhaust his administrative remedies.[8]

In October 2020, DeLong again moved for compassionate release.[9]  DeLong requested a sentence reduction due to certain medical risk factors that increased his risk of serious illness from COVID-19.[10]  The Court denied that motion finding that DeLong failed to satisfy the statutory exhaustion requirement.[11]  The Court also found that even if DeLong had exhausted his administrative remedies, it would not have granted compassionate release because DeLong remained a danger to the community.  In March 2021, Defendant DeLong appealed this decision to the Sixth Circuit Court of Appeals.[12]

In May 2021, Defendant DeLong moved for compassionate release for a third time.[13]  This Court denied that motion.[14]  Defendant DeLong again appealed this decision

---

[4] Doc. 16.
[5] Doc. 22.
[6] Doc. 63 at 3.
[7] Doc. 49.
[8] Doc. 52.
[9] Doc. 53.
[10] Docs. 53; 70.
[11] Doc. 83.
[12] Doc. 89.
[13] Doc. 111.
[14] Doc. 114.

Case No. 4:11-cr-00474
GWIN, J.

to the Sixth Circuit Court of Appeals.[15]

While DeLong's appeals were pending before the Sixth Circuit, DeLong continued to request this Court reconsider his compassionate release requests and continued to file supplements to his motions for compassionate release in this Court.[16] In January 2022, the Sixth Circuit affirmed this Court's denials of Defendant's requests for compassionate release.[17]

## II. Discussion

### A. Motion to Correct Clerical Errors

Defendant DeLong requests this Court correct errors in the transcripts of his change of plea and sentencing hearings.[18] DeLong says that in both transcripts, this Court referenced his offense as "receipt of visual depictions of a minor engaged in sexually explicit conduct," when it should have been "receipt of visual depiction of a minor engaged in sexually explicit conduct." DeLong says this difference has prejudiced him in his post-conviction motions.

Under Rule 36, this Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[19] There is no error here. Although the indictment charged a single visual depiction, DeLong's presentence report says—in reference to DeLong's meeting with the victim—"the defendant convinced the victim to send him nude pictures of her via the computer, and she complied."[20]

Further, DeLong has suffered no prejudice. The indictment and judgment order

---

[15] Doc. 115.
[16] *See, e.g.*, Docs. 90; 102.
[17] Doc. 143.
[18] Docs. 136; 138.
[19] Fed. R. Crim. P. 36.
[20] *United States v. George D. DeLong, Jr.*, No. 4:11-cr-00474, Presentence Investigation Report.

- 3 -

Case No. 4:11-cr-00474
GWIN, J.

accurately reflect the language of 18 U.S.C. §2252(a)(2).[21]

### B. Motion for Consideration Upon Possible Remand

Defendant DeLong moves this Court to consider his motion if the Sixth Circuit remands the decisions he appealed for further proceedings.[22] The Sixth Circuit did not remand any decisions, however, it instead affirmed this Court in each of DeLong's appeals.[23] Therefore, Defendant's motion for consideration is denied as moot.

### C. Renewed Motion for Compassionate Release

Defendant DeLong renewed his moved for compassionate release for a fourth time.[24]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[25] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[26] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[27]

DeLong recycles arguments from his earlier motions for compassionate release, saying that his medical issues and his risk of severe illness from COVID-19 are extraordinary and compelling reasons to reduce his sentence.

The Sixth Circuit has recently made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does

---

[21] *See* Docs. 1; 22.
[22] Doc. 139.
[23] Docs. 143; 148.
[24] Doc. 145.
[25] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[26] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[27] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

- 4 -

Case No. 4:11-cr-00474
GWIN, J.

not present an 'extraordinary and compelling reason' warranting a sentence reduction."[28]

DeLong has received two doses of the Pfizer vaccine.[29] Since January 2022, the average Ohio daily cases per 100,000 has fallen from over one hundred to under ten. Therefore, the risk of COVID-19 is not an extraordinary and compelling reason at this time.

Even if DeLong had identified an extraordinary and compelling reason supporting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[30]

In this case, the Court finds no extraordinary and compelling reason warranting a sentence reduction. Even if it had, the § 3553 factors would weigh against granting the motion for compassionate release. This Court finds that DeLong remains a danger to the community. He committed serious offenses and the recidivism rate among sex offenders is high. A sentence reduction is not called for.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant DeLong's motion to correct a clerical error and Defendant's motion to supplement his motion to correct a clerical error. The Court **DENIES** as moot Defendant DeLong's motion of consideration upon possible remand of his Sixth Circuit appeals. The Court **GRANTS** Defendant's motion to construe

---

[28] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (noting that absent a shift in the scientific consensus regarding the efficacy of vaccines, "vaccination against COVID-19 would preclude the argument that a defendant's susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").
[29] Doc. 147-3.
[30] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".

Case No. 4:11-cr-00474
GWIN, J.

previously filed documents as a renewed expedited motion for compassionate release and

**DENIES** compassionate release.

    IT IS SO ORDERED.

Dated: March 31, 2022                         *s/     James S. Gwin*
                                                                JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE